The concurrence oí Judge Hakdin in the foregoing opinion was qualified by him as follows:
Judge Hardin entertains views of the case of Phillips v. The Commonwealth, 2 Duvall, 328, which would lead him to concur in overruling it to some extent; but as it is adhered to by 'the majority of the court, and can not therefore be overruled, he recognizes it as authority, as he does other adjudications of this court which have not been overruled; and he regards at least one of the instructions which were given in this case for the commonwealth, and the action of the court in refusing others, as conflicting with the controlling principles and reasons of said case of Phillips. But without elaborating his own views on this branch of the case, or fully concurring in the foregoing opinion of Judge Robertson, he is satisfied that *130 the court below erred to the prejudice of the defendant in refusing to permit him to prove the fact that shortly before the shooting he was informed by a person since dead of threats of Smith to take his life. The question of the admissibility of this evidence did not depend on the truth of the statement made to the defendant, but on the effect which it might produce upon his mind as an inducing cause for more prompt action on his part to prevent the apprehended danger. (1 Greenleaf on Evidence, sections 100 and 101.) He therefore concurs in the reversal of the judgment.